**EXHIBIT A**

FILED: BRONX COUNTY CLERK 04/29/2015 02:51 PM
NYSCEF DOC. NO. 1

INDEX NO. 22387/2015E
RECEIVED NYSCEF: 04/29/2015

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------
HECTOR ZELAYA,

                           Plaintiff(s),

    -against-

SKANSKA USA BUILDING, INC., NAVILLUS
CONTRACTING, TUTOR PERINI CORPORATION
and TUTOR PERINI BUILDING CORP.,

                          Defendant(s).
-----------------------------------------------------------------

*Date Purchased:*
*Index No:*
*Plaintiff designates*
BRONX County
*as the place for trial*
*The basis of the venue is*
CPLR § 503

**SUMMONS**

*Plaintiff resides at:*
1005 Jerome Ave., Apt. # C84
Bronx, New York 10452
County of Bronx

***TO THE ABOVE NAMED DEFENDANT(S):***

        ***YOU ARE HEREBY SUMMONED*** *to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within **20** days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.*

*Dated: April 29, 2015*

*Defendants' addresses:*

*Skanska USA Building Inc.*
*389 Interpace Parkway*
*Parsippany, NJ 07054*

*Navillus Contracting*
*575 Fifth Avenue*
*New York, NY 10017*

*Tutor Perini Corp.*
*c/o CT Corporation System*
*111 Eighth Ave.*
*New York, NY 10011*

*Tutor Perini Building Corp.*
*c/o CT Corporation System*
*111 Eighth Ave.*
*New York, NY 10011*

O'CONNOR, O'CONNOR, HINTZ & DEVENEY LLP
*Attorneys for Plaintiff*

By: _____
     JAMES E. BAKER
*Attorneys for Plaintiff*
*One Huntington Quadrangle, Suite 3C01*
*Melville, New York 11747-4415*
*(631) 777-2330*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------x       Index No.:
HECTOR ZELAYA,
                Plaintiff,

      -against-                                      **VERIFIED**
                                                    **COMPLAINT**

SKANSKA USA BUILDING, INC., NAVILLUS
CONTRACTING, TUTOR PERINI CORPORATION
And TUTOR PERINI BUILDING CORP.,

                Defendants.
-----------------------------------------------------------------x

      Plaintiff, HECTOR ZELAYA, by his attorneys, O'Connor, O'Connor, Hintz & Deveney, LLP, as and for his verified complaint, complaining of the defendants, hereinafter sets forth and alleges as follows:

## AS AND FOR A FIRST CAUSE OF ACTION

1. That at all times hereinafter mentioned, plaintiff was a resident of the County of Bronx, City and State of New York.

2. That at all times hereinafter mentioned, SKANSKA USA BUILDING, INC. (hereinafter "SKANSKA") was a foreign business corporation duly authorized to do business in the State of New York and maintained its principle executive office at 350 Fifth Avenue, in the County, City and State of New York.

3. That at all times hereinafter mentioned, defendant, SKANSKA, was a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York.

4. That at all times hereinafter mentioned, defendant NAVILLUS CONTRACTING (hereinafter "NAVILLUS") was a foreign business corporation duly authorized to do

business in the State of New York with its principle executive office located at 575 Fifth Avenue in the County, City and State of New York.

5. That at all times hereinafter mentioned, defendant, NAVILLUS, was a domestic business corporation duly organized and existing and by virtue of the laws of the State of New York.

6. That at all times hereinafter mentioned, defendant, TUTOR PERINI CORPORATION (hereinafter "TUTOR") was a foreign business corporation duly authorized to do business in the State of New York with its principle place of business in the State of New York within the City and County of New York.

7. That at all times hereinafter mentioned, defendant, TUTOR, was a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. That at all times hereinafter mentioned, defendant, TUTOR PERINI BUILDING CORP. (hereinafter "TUTOR BUILDING") was a foreign business corporation duly authorized to do business in the State of New York with its principle place of business in the State of New York within the City and County of New York.

9. That at all times hereinafter mentioned, defendant, TUTOR BUILDING, was a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York.

10. That at all times hereinafter mentioned, defendant, SKANSKA, was in the business of general construction.

11. That at all times hereinafter mentioned, defendant, NAVILLUS, was in the business of general construction.

12. That at all times hereinafter mentioned, defendant, TUTOR, was in the business of general construction.

13. That at all times hereinafter mentioned, defendant, TUTOR BUILDING was in the business of general construction.

14. That as a result of Hurricane Sandy, the City of New York, in conjunction with the Federal Government, effectuated the New York City Rapid Repairs Program to make emergency repairs on residential properties affected by Hurricane Sandy.

15. That at all times hereinafter mentioned, defendant, SKANSKA, was hired as a general contractor in connection with the aforementioned New York City Rapid Repairs Program to perform emergency repairs on residential properties affected by Hurricane Sandy.

16. That at all times hereinafter mentioned, defendant, NAVILLUS, was hired as a general contractor in connection with the aforementioned New York City Rapid Repairs Program to perform emergency repairs on residential properties affected by Hurricane Sandy.

17. That at all times hereinafter mentioned, defendant, TUTOR, was hired as a general contractor in connection with the aforementioned New York City Rapid Repairs Program to perform emergency repairs on residential properties affected by Hurricane Sandy.

18. That at all times hereinafter mentioned, defendant, TUTOR BUILDING, was hired as a general contractor in connection with the aforementioned New York City Rapid Repairs Program to perform emergency repairs on residential properties affected by Hurricane Sandy.

19. That at all times hereinafter mentioned, defendant, SKANSKA, in its capacity as a general contractor for the New York City Rapid Repairs Program hired various subcontractors including, but not limited to, an electrical subcontractor known as Five Star Electric Corp.

20. That at all times hereinafter mentioned, defendant, NAVILLUS, in its capacity as a general contractor for the New York City Rapid Repairs Program hired various subcontractors including, but not limited to, an electrical subcontractor known as Five Star Electric Corp.

21. That at all times hereinafter mentioned, defendant, TUTOR, in its capacity as a general contractor for the New York City Rapid Repairs Program hired various subcontractors including, but not limited to, an electrical subcontractor known as Five Star Electric Corp.

22. That at all times hereinafter mentioned, defendant, TUTOR BUILDING, in its capacity as a general contractor for the New York City Rapid Repairs Program hired various subcontractors including, but not limited to, an electrical subcontractor known as Five Star Electric Corp.

23. That on or about December 14, 2012, plaintiff, HECTOR ZELAYA, was a union electrician affiliated with Local Union #3 IBEW and employed by Five Star Electric Corp.

24. That on or about December 14, 2012, plaintiff, HECTOR ZELAYA, was employed by Five Star Electric Corp. performing work at a home located within Floyd Bennett Field at 451 139th Street in the County of Kings, City and State of New York.

25. That the aforementioned construction work being performed by the plaintiff on or about December 14, 2012 at the aforementioned location was part of the New York City Rapid Repairs Program.

26. That at all times hereinafter mentioned, and upon information and belief, defendant, SKANSKA, was the general contractor who hired plaintiff's employer, Five Star Electric Corp. for the aforementioned construction work which plaintiff was performing on December 14, 2012.

27. That the defendant, SKANSKA, was the general contractor with regard to the construction work plaintiff was performing on December 14, 2012 at the aforementioned location.

28. That at all times hereinafter mentioned, and upon information and belief, defendant, NAVILLUS, was the general contractor who hired plaintiff's employer, Five Star Electric Corp. for the aforementioned construction work which plaintiff was performing on December 14, 2012.\

29. That the defendant, NAVILLUS, was the general contractor with regard to the construction work plaintiff was performing on December 14, 2012 at the aforementioned location.

30. That at all times hereinafter mentioned, and upon information and belief, defendant, TUTOR was the general contractor who hired plaintiff's employer, Five Star Electric

Corp. for the aforementioned construction work which plaintiff was performing on December 14, 2012.

31. That the defendant, TUTOR was the general contractor with regard to the construction work plaintiff was performing on December 14, 2012 at the aforementioned location.

32. That at all times hereinafter mentioned, and upon information and belief, defendant, TUTOR BUILDING, was the general contractor who hired plaintiff's employer, Five Star Electric Corp. for the aforementioned construction work which plaintiff was performing on December 14, 2012.

33. That the defendant, TUTOR BUILDING, was the general contractor with regard to the construction work plaintiff was performing on December 14, 2012 at the aforementioned location.

34. That on or about December 14, 2012, while the plaintiff was performing construction work while in the course of his employment with Five Star Electric Corp. at the aforementioned location, he suffered an accident as a result of dangerous, hazardous and unsafe conditions existing at the aforesaid location on the aforementioned date.

35. That as a result of the aforementioned accident, plaintiff sustained severe and permanent personal injuries and has been caused to expend and will be caused to expend various sums of money for his medical care and treatment and has otherwise incurred both general and special damages, all to his detriment.

36. That the aforementioned accident together with the resultant personal injuries and damages suffered by the plaintiff were occasioned solely by virtue of the carelessness, recklessness and negligence of the defendants, including their agents,

servants and/or employees in their oversight, direction, supervision and control of the aforementioned construction work at the aforementioned location with no act of the plaintiff contributing thereto.

37. That the carelessness, recklessness and negligence of the defendants, including their agents, servants and/or employees in their oversight, direction, supervision, maintenance and control of the aforementioned construction project consisted of the following, amongst other things:

   a. In failing to provide plaintiff with a safe place to work;
   b. In failing to inspect the subject premises to ensure that said premises were in a safe condition;
   c. In failing to warn the plaintiff with respect to the dangerous, hazardous and unsafe conditions existing at the time and place complained of;
   d. In failing to comply with the applicable provisions of the Labor Law and Industrial Code of the State of New York;
   e. In failing to so construct, equip, arrange, operate and conduct the work site so as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein, including the plaintiff;
   f. In failing to furnish or erect all necessary safety devices for the performance of the work which were so constructed, placed and operated so as to give proper protection to those persons lawfully employed at the construction site, including the plaintiff;
   g. In failing to so construct, shore, equip, guard, arrange, operate and conduct the work site so as to provide reasonable and adequate protection and safety to the persons employed therein, including the plaintiff;
   h. In failing to provide adequate supervision;
   i. In failing to perform adequate inspections; and
   j. In otherwise failing to act in a reasonable and prudent manner in light of the conditions and circumstances existing at the time and place complained of.

38. That the limitations of liability set forth in Article 16 of the CPLR do not apply to the within action.

39. That as a result of the foregoing, plaintiff has sustained damages in a sum which exceeds the jurisdictional limitations of all the courts of the State of New York, except the Supreme Court.

## AS AND FOR A SECOND CAUSE OF ACTION

40. Plaintiff repeats and realleges each and every allegation set forth in the paragraphs of the complaint numbered "1" through "39" as if the same were more fully set forth herein and with the same force and effect.

41. That at the time and place complained of, the applicable provisions of the Labor Law of the State of New York and Industrial Code of the State of New York were in full force and effect including, but not limited to, Labor Law §§ 200, 240(1) and 241(6) and Industrial Code §§ 23-1.7, 23-1.8, 23-1.30, 23-2.1 and 23-2.4.

42. That at the time and place complained of, the defendants, including their agents, servants and/or employees, were in violation of the aforementioned provisions of the Labor Law and Industrial Code of the State of New York.

43. That the aforementioned violations of the Labor Law and Industrial Code of the State of New York on the part of the defendants, including their agents, servants and/or employees were a proximate contributing cause of the accident suffered by the plaintiff together with the resultant personal injuries and damages as alleged herein.

44. That as a result of the foregoing, plaintiff has sustained damages in a sum which exceeds the jurisdictional limitations of all the courts of the State of New York, except the Supreme Court.

WHEREFORE, plaintiff demands judgment as prayed for in the first and second causes of action herein, together with the interests, costs and disbursements of this action.

Dated: Melville, New York
April 29, 2015

Yours, etc.,

O'CONNOR, O'CONNOR HINTZ & DEVENEY, LLP
Attorneys for Plaintiff

By: *[signature]*
JAMES E. BAKER
One Huntington Quadrangle, Suite 3C01
Melville, New York 11747-4415
631-777-2330

STATE OF NEW YORK          )
                           ss:
COUNTY OF SUFFOLK          )          **ATTORNEY'S VERIFICATION**

I am the attorney of record for the plaintiff, HECTOR ZELAYA.

I have read the annexed **COMPLAINT** and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following: **information, investigation and correspondence maintained in the files.**

The reason I make this affirmation instead of PLAINTIFF **is he resides outside of the County where your affirmant maintains his office.**

I affirm that the foregoing statements are true under the penalties of perjury.

Dated: April 29, 2015

_____
JAMES E. BAKER